THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VIRGIL L. BOAZ, Defendant-Appellant.

Fifth District   No. 5—90—0213

Opinion filed December 26, 1991.

CHAPMAN, J., concurring in part and dissenting in part.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Don Sheafor, State's Attorney, of Vandalia (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, and M. Keith Smith, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Defendant was convicted of aggravated criminal sexual assault. (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(b)(1).) He appeals on two grounds: (1) that he was twice placed in jeopardy for the same offense; and (2) that he was deprived of a fair trial because the State and one of its witnesses violated an order *in limine* by referring to prior incidents between defendant and victim. We affirm.

The bill of indictment stated that on or about March 5, 1989, defendant knowingly committed an act of sexual penetration by placing his mouth on the penis of a 13-year-old boy. Before trial, defendant filed a bill of particulars (Ill. Rev. Stat. 1989, ch. 38, pars. 114—2(b), 111—6), requesting the State to disclose the exact time and date of the offense charged. March 30, 1989, was the date the State gave, a date different from that of the indictment.

Four months later, prospective jurors were assembled, *voir dire* was conducted, and the State's Attorney, defendant's counsel and the circuit judge recessed to chambers to select 12 jurors and one alternate. Before recessing, however, the judge told the prospective jurors that they were free to break for lunch. After lunch, the names of the persons selected were announced. Eleven jurors and one alternate were sworn. The twelfth juror, whose name had been announced, had not yet returned from lunch, and so had not yet been sworn. Before the twelfth juror returned, defendant moved to confine the State to prove the allegations as specified in the bill of particulars, namely that the offense occurred on March 30, 1989, not March 5, 1989. The State moved to amend, but defendant argued that the State could not amend because the trial had already begun. (See Ill. Rev. Stat. 1989, ch. 38, par. 114—2.) The circuit court ruled that since only 11 jurors had been sworn, the twelfth having not yet returned from lunch, the trial had not yet begun, and the court granted the State leave to amend. Defendant moved for a mistrial. The circuit court granted it

but ruled that jeopardy had not attached and that defendant was subject to retrial.

■ Jeopardy attaches in a jury trial once the jury is impaneled and sworn. (*Crist v. Bretz* (1978), 437 U.S. 28, 57 L. Ed. 2d 24, 98 S. Ct. 2156; Ill. Rev. Stat. 1989, ch. 38, par. 3—4(a)(3).) Defendant claims that jeopardy attached because 12 jurors—11 jurors and an alternate—were sworn. We disagree. While it is true that 11 jurors and an alternate were sworn, and that the 11 and the alternate could have constituted a valid jury (see *People v. Campbell* (1984), 126 Ill. App. 3d 1028, 467 N.E.2d 1112, *cert. denied* (1985), 471 U.S. 1136, 86 L. Ed. 2d 695, 105 S. Ct. 2677), the jury in this case, in fact, had not been impaneled and sworn. The circuit judge, when informed that the twelfth juror was still at dinner, stated, "When he comes back from dinner he will be on the jury." Jeopardy would not have attached until the twelfth juror had been sworn. (*Crist v. Bretz* (1978), 437 U.S. 28, 57 L. Ed. 2d 24, 98 S. Ct. 2156.) Therefore, the circuit court's ruling that defendant was subject to retrial was not error.

Defendant alternatively seeks a new trial arguing that the State denied him a fair trial by violating the circuit court's order *in limine*, which barred the State from making "any reference to or presenting any evidence concerning similar incidents."

During opening argument the State's Attorney stated:

"[The victim] will tell you that on one occasion when he was over [at defendant's house], and he believes it to have been 1987, he was over there at defendant's house playing the video games and so forth and that was one of the occasions that he stayed all night with the defendant, he will tell you that when he stayed overnight with the defendant at times he slept most the time in the bedroom with the defendant Virgil Boaz. He will tell you that he was sleeping on defendant's bed, sometime in 1987, that he was awakened by the defendant, *Virgil Boaz—*."

Defendant's counsel objected, requested a side bar, and argued that any comment about an incident in 1987 violated the order *in limine*. The State's Attorney argued that the *in limine* order only covered incidents with other victims and not incidents with this victim. The court sustained the objection, told the State's Attorney that the order *in limine* barred comment of other incidents with this victim, and instructed the jury to disregard the statements about incidents in 1987.

Later, the State examined an investigator from the Department of Children and Family Services. The investigator testified that during

his investigation, he showed the victim a calendar and asked him when was "the last time that anything had happened." Again defense counsel objected; the circuit court sustained it and instructed the witness not to "use any phraseology 'the last time' or 'last occurrence' or anything like that."

■ Defendant claims that these violations of the order *in limine* deprived him of a fair trial and warrant a new trial. We disagree. While it is true that violations of an order *in limine* may be reversible error (*Shehy v. Bober* (1979), 78 Ill. App. 3d 1061, 398 N.E.2d 80), a new trial is not always warranted where such errors do not unduly affect the result. (*Verdonck v. Freeding* (1977), 56 Ill. App. 3d 575, 371 N.E.2d 1109, *cert. denied* (1978), 439 U.S. 837, 58 L. Ed. 2d 133, 99 S. Ct. 122.) Here, defense counsel's objection interrupted the State's Attorney's opening statement and prevented the jury from hearing anything about 1987. In addition, the circuit court instructed the jury to disregard any comment about 1987 and instructed the jury at the conclusion of the trial not to consider opening remarks as evidence. Moreover, any prejudice from the investigator's comments fades when compared with the overwhelming evidence against defendant.

The circuit court is affirmed.

Affirmed.

HARRISON, J., concurs.

JUSTICE CHAPMAN, concurring in part and dissenting in part:

I agree with the majority's disposition as to the *in limine* issue; however, I believe the defendant was exposed to double jeopardy in violation of the constitution. Contrary to the position taken by the majority, the jury was impaneled and sworn. It has long been established that jeopardy attaches when the jury is impaneled and sworn. *Crist v. Bretz* (1978), 437 U.S. 28, 35, 57 L. Ed. 2d 24, 31, 98 S. Ct. 2156, 2161; *Downum v. United States* (1963), 372 U.S. 734, 10 L. Ed. 2d 100, 83 S. Ct. 1033.

Section 115—4(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 115—4) provides that the jury shall consist of 12 members. The record is clear that during jury-selection proceedings 12 jurors and one alternate were selected by name. When the person selected to be juror number 12 did not return from lunch, the juror's oath was simultaneously administered to the 11 "regular" jurors and the alternate. The record does not show that any distinc-

tion between the 11 and the alternate was made in administering the oath. Assuming prospective juror number 12 had not returned from lunch, or was otherwise not sworn in as a juror, the trial judge could have proceeded with the trial using the 12 jurors who had already taken the juror's oath. (See *People v. Harvey* (1987), 162 Ill. App. 3d 468, 515 N.E.2d 337.) Jeopardy attaches when the jury is impaneled and sworn. Jeopardy had attached.